*408 OPINION.
SteRnhagen:
The subject of cemetery maintenance funds has beexi frequently considered.[1] A mere appropriation to a reserve set up by a taxpayer to provide for his contractual obligations does not serve to lessen his taxable net income either by way of exclusion from gross or by way of deduction, irrespective of whether the accounting system be a cash system or an accrual system. If, however, there is a trust which the law recognizes, whether express or implied, and a prescribed part of the contract price received for a lot can be said to be received in trust, such part is excluded from gross income; or if, although not received in trust, a part is necessarily immediately turned over to an established trust, such part is deductible. The facts must in each case be examined, as well as the corporation’s legal obligations under the local statutes of its creation and operation, its charter, bylaws, and resolutions, its contracts, accounts and practices. See Portland Cremation Association v. Commissioner, 31 Fed. (2d) 843; Acacia Park Cemetery Association v. Commissioner, 67 Fed. (2d) 700; Memphis Memorial Park, 28 B. T. A. 1037; affd., 84 Fed. (2d) 1008; Commumity Mausoleum Co., 33 B. T. A. 19.
It can not be found from the evidence that the petitioner has either set up a trust or made contributions to a trust. The Michigan statute (sec. 10446, Compiled Laws of Michigan, 1915) which the petitioner relies upon did not expressly require a trust during the *409 years in question. It provides that after the petitioner has fully paid for its land it shall reserve two-thirds of the sales receipts above current expenses and improvements as a maintenance fund, such fund to be accumulated until, in the opinion of the directors, it is large enough, when properly invested, to produce income sufficient for perpetual maintenance. During the years 1927 and 1928 petitioner’s land was not fully paid for, and its expenses and improvements apparently consumed substantially all its income. It was therefore not required by the Michigan statute to put aside any of its sales proceeds in trust, and it can not be found from the evidence that in fact it did so. In so far as its income was used to meet expenses, the Commissioner appears to have permitted the deduction. In so far as petitioner’s proceeds were used for permanent improvements, it had no right to a deduction, Revenue Act of 1926, sec. 216; Revenue Act of 1928, sec. 24, but only to have its investment cost increased. Under its sale contracts, petitioner was required to maintain the lots and the cemetery, but this can not be construed as an undertaking presently to establish a trust. The directors’ resolutions which are set forth in the findings undertake only to establish a maintenance fund after the grounds have been laid out and embellished according to the plan adopted, and it appears from the evidence that the time to begin the reservation of such a fund had not yet arrived. Since, therefore, it can not be found that a trust was set up or that any part of the amount received for the sale of its lots was impressed with a trust, and it appears only that the petitioner was under a contractual obligation to maintain its properties and at some indefinite future time to begin the establishment of a trust, it can not be concluded as a matter of law that the respondent’s determination was in error.
Judgment will be entered for the respondent,

 See the cases collected in Law of Federal Income Taxation, Paul and Mertens, vol. 2, §§ 14.14, 14.15.